The Law Office of Anthony Paul Diehl
Anthony Paul Diehl, Esq. SBN 342160
104 Blue Note
Irvine, California 92618
Phone (949) 694-9702
Facsimile (949) 694-9704
anthony@apdlaw.net

*Attorney for Plaintiff*
*Suzanne Bass*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Suzanne Bass,<br><br>Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.; James Dimon, an individual; and DOES 1-20,<br><br>Defendants. | Case No.: '26CV5994 BJC DDL<br><br>**PLAINTIFF SUZANNE BASS'S COMPLAINT FOR DAMAGES UNDER THE**<br>**1) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CCC §§ 1788.10 - 1788.33);**<br>**2) FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692) – AS INCORPORATED BY ROSENTHAL;**<br>**3) TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227);**<br>**4) CALIFORNIA'S UNFAIR COMPETITION LAW (BUS. & PROF. CODE § 17200, ET SEQ.);**<br>**5) INTRUSION UPON SECLUSION;**<br>**AND OTHER EQUITABLE RELIEF**<br><br>**Demand for Jury Trial** |

//

//

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

## JURISDICTION AND VENUE

1. This Court possesses jurisdiction over the present matter.[1]
2. Venue is proper because a substantial part of the events giving rise to these claims took place in this District and the unlawful practices alleged herein involve a federal question.
3. Further, this Court has supplemental jurisdiction over Plaintiff's California causes of action as Plaintiff's California state law claims are so related to Plaintiff's Federal claims in this action that they form part of the same case or controversy

## PARTIES

4. Plaintiff, Suzanne Bass, is a resident of the State of California, in the county of San Diego.
5. Plaintiff is a consumer[2] as defined in the Fair Debt Collection Practices Act ("FDCPA").[3]
6. Plaintiff is a debtor[4] as that term is defined by California's Fair Debt Collection Practices Act ("Rosenthal").[5]
7. Plaintiff incurred a "debt" as defined in the FDCPA.[6]
8. Plaintiff is a "person" within the meaning of Bus. & Prof. Code § 17204 who has suffered injury in fact and has lost money as a result of Defendant's conduct alleged herein.
9. Defendant, JPMorgan Chase Bank, N.A., is a company with its principal office in the State of New York.
10. Defendant regularly attempts to collect debt using mail, electronic communication, and telephone, "covered debts" allegedly owed to it, as

---

[1] 28 U.S.C. §§ 1331, 1337, 1367, 1391; 47 U.S.C. § 227(b)(3); and 15 U.S.C. § 1692k(d).
[2] 15 U.S.C. § 1692a(3)
[3] 15 U.S.C. § 1692 et seq
[4] Cal. Civ. Code § 1788.2(h)
[5] Cal. Civ. Code §§ 1788.10 - 1788.33
[6] 15 U.S.C. § 1692a(5)

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

defined in Rosenthal.[7]

11. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

12. Defendant is subject to the FDCPA[8] and its remedies[9] as incorporated by Rosenthal.[10]

13. Defendant is a "person" within the meaning of Bus. & Prof. Code § 17201, and Defendant's debt collection activities constitute a "business act or practice" within the meaning of the UCL.

14. At all times mentioned herein, Defendant was a corporation and a "person," as defined by the Telecommunications Act of 1996.[11]

15. At all times relevant hereto, Defendant used, controlled, and/or operated an automatic telephone dialing system ("ATDS")[12] with the capacity to dial numbers (residential and/or wireless) without human intervention and or use of an artificial voice and/or prerecorded voice message ("Robotic Voice")[13] as defined in Telephone Consumer Protection Act ("TCPA").[14]

16. Defendant bypasses the traditional ringing phase and leaves voicemails with Plaintiff without causing the phone to ring, which the FCC defines as Ringless Voicemails (RVMs).

17. ATDS, Ringless Voicemail, Prerecording's, Robotic Voice, and/or SMS may include certain Automation and/or Artificial Intelligence technologies ("AI").[15]

18. Defendant James Dimon ("Dimon") is a natural person and, at all relevant times, served as Chairman and Chief Executive Officer of Defendant

---

[7] Cal. Civ. Code § 1788.2(l)
[8] 15 U.S.C. §§ 1692b to 1692j
[9] 15 U.S.C. § 1692k
[10] Cal. Civ. Code § 1788.17
[11] 47 U.S.C. § 153(39)
[12] 47 U.S.C. § 227(a)(1)
[13] The TCPA does not define the terms "artificial" or "prerecorded voice."
[14] 47 U.S.C. § 227
[15] See *Implications of Artificial Intelligence Technologies on Protecting Consumers from Unwanted Robocalls and Robotexts*, CG Docket No. 23-362, Declaratory Ruling, FCC 24-17 (rel. Feb. 8, 2023).

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

JPMorgan Chase Bank, N.A.

19. Plaintiff alleges on information and belief, based upon Defendant's repeated post-revocation calls to Plaintiff, which reflect a company-wide calling policy, and Dimon's authority as Chairman and Chief Executive Officer over that policy, that Dimon directly and personally participated in, authorized, directed, and controlled the telephone-calling practices alleged herein.

20. Plaintiff further alleges on information and belief that Dimon was a guiding spirit and central figure in the challenged calling activity and personally authorized, directed, or meaningfully participated in the conduct giving rise to Plaintiff's TCPA claim.

21. Plaintiff does not know the true names of DOES 1 through 20 and will amend this complaint when ascertained. Plaintiff is informed and believes that each DOE defendant is responsible for the occurrences alleged and that their conduct proximately caused plaintiff's injuries.

## FACTS COMMON TO ALL COUNTS

22. On February 2, 2026, Plaintiff's attorney notified Defendant in writing that Plaintiff is represented by an attorney with respect to such debt. ("Plaintiff's Letter").

23. Despite Defendant having prior notification and knowing Plaintiff is represented by counsel with respect to such debt, Defendant communicated with or attempted to communicate with Plaintiff by phone, email, mail, and/or SMS to collect on the debt at least six (6) times.

24. Plaintiff's Letter notified Defendant that Plaintiff wishes Defendant cease further communications with Plaintiff.

25. Plaintiff's attorney sent Plaintiff's Letter to Defendant via a third-party mailing service. This mailing service provides certification of the date, time, and address of the mailing.

26. Despite Defendant having notification Plaintiff wishes Defendant cease further communications with Plaintiff, Defendant communicated with or attempted to communicate with Plaintiff by phone, email, mail, and/or SMS to collect on the debt at least six (6) times.
27. Plaintiff's Letter notified Defendant that Plaintiff revokes any prior consent that Defendant may communicate with Plaintiff by phone (residential and wireless), including by means of automation, artificial intelligence, pre-recordings, ATDS, Robotic Voice, and/or SMS.
28. Plaintiff's revocation included phone number ending in **65. Plaintiff is the subscriber and owner of the cell phone number. The phone is used for residential purposes.
29. Plaintiff's revocation applies to the telephone numbers, not to any particular debt or account. TCPA governs communications to specific phone numbers, not accounts or relationships. TCPA does not pre-requisite any contractual or debtor-creditor relationship between the parties.
30. Accordingly, the current subscriber or owner of a telephone number may revoke any prior consent a caller had to call or text that number. Any call or text sent after revocation violates the TCPA, regardless of whether any relationship exists between the parties.
31. Despite Defendant having notification Plaintiff revokes any prior consent to communicate with Plaintiff via automation, artificial intelligence, pre-recorded messages, ringless voicemail, ATDS, Robotic Voice, and/or SMS, Defendant communicated with or attempted to communicate with Plaintiff via automation, artificial intelligence, pre-recorded messages, ringless voicemail, ATDS, Robotic Voice, and/or SMS at least six (6) times.
32. Defendant placed such communications without a complete and accurate caller ID.
33. Upon information and belief, Dimon personally authorized, directed,

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

controlled, and/or meaningfully participated in Defendant's policies and practices governing the continued use of automation, artificial intelligence, pre-recorded messages, ringless voicemail, ATDS, and/or Robotic Voice to contact consumers, including Plaintiff, after revocation of consent.

34. Through its actions described above, Defendant violated the FDCPA.
35. As detailed above, by violating the FDCPA, Defendant also violated Rosenthal.
36. Through its actions described above, Defendant violated Rosenthal.
37. Through its actions described above, Defendant violated the TCPA.
38. Through its actions described above, Defendant engaged in unlawful and unfair business acts and practices in violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq.
39. Defendant’s overwhelming collection activities and substantial intrusion upon seclusion, directly and proximately, caused Plaintiff undue stress, irritability, anxiety, and confusion; thereby damaging Plaintiff.
40. As a direct and proximate result of Defendant’s actions, Plaintiff expended time and money consulting a lawyer, and incurred attorney fees and costs.

## COUNT I - VIOLATION OF FDCPA § 1692c(a)(2)

41. Plaintiff incorporates and reiterates all previous allegations and statements herein.
42. Defendant violated 15 U.S.C. § 1692c(a)(2) when it communicated with or attempted to communicate with Plaintiff about the debt and/or to collect a debt after knowing Plaintiff is represented by an attorney with respect to such debt.

## COUNT II – VIOLATION OF FDCPA § 1692c(c)

43. Plaintiff incorporates and reiterates all previous allegations and statements herein.

44. Defendant violated 15 U.S.C. § 1692c(c) when it communicated with or attempted to communicate with Plaintiff to collect a debt after having notification Plaintiff wishes Defendant cease further communications with Plaintiff.

## COUNT III – VIOLATION OF FDCPA § 1692e

45. Plaintiff incorporates and reiterates all previous allegations and statements herein.

46. Defendant violated 15 U.S.C. § 1692e when it used false and deceptive means to collect on such debt by attempting to collect directly from Plaintiff after knowing of attorney representation and by attempting to communicate with Plaintiff about the debt and/or attempting to collect from Plaintiff after notification of Plaintiff's wish it cease communications.

## COUNT IV – VIOLATION OF FDCPA § 1692f

47. Plaintiff incorporates and reiterates all previous allegations and statements herein.

48. Defendant violated 15 USC § 1692f when it used unfair or unconscionable means to collect on such debt by attempting to communicate with Plaintiff about the debt and/or attempting to collect from Plaintiff after notification of attorney representation and by attempting to collect from Plaintiff after notification of Plaintiff's wish it cease communications.

## COUNT V – VIOLATION OF C.C.C. § 1788.14

49. Plaintiff incorporates and reiterates all previous allegations and statements herein.

50. Defendant violated Cal. Civ. Code § 1788.14 when it initiated communications with Plaintiff when previously notified that Plaintiff is

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

represented by an attorney with respect to the debt.

**COUNT VI – VIOLATION OF C.C.C. § 1788.17**

51. Plaintiff incorporates and reiterates all previous allegations and statements herein.

52. Defendant violated Cal. Civ. Code § 1788.17 when it failed to comply with the provisions of §§ 1692b to 1692j of the FDCPA. Including failure to cease and desist all communications with Plaintiff.

**COUNT VII – NEGLIGENT AND/OR WILLFUL VIOLATIONS OF TCPA (47 U.S.C. § 227 et seq.) AGAINST DEFENDANT JPMORGAN CHASE BANK, N.A. AND DEFENDANT JAMES DIMON**

53. Plaintiff incorporates and reiterates all previous allegations and statements herein.

54. Defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C.S. § 227 et seq. by means of autodialed calls and/or text messages.

55. Defendants violated the TCPA when they used automation, artificial intelligence, ringless voicemail, prerecorded messages, ATDS and/or Robotic Voice to contact Plaintiff by telephone after notification of Plaintiff's revocation of any consent to receive such calls or text.

56. Defendants' calls and texts lacked complete and accurate caller ID details.

57. The foregoing acts and omissions of Defendants constitute numerous negligent and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of the TCPA.

58. To properly plead a TCPA claim under 47 U.S.C. § 227(b), Plaintiff must merely allege the following elements: (1) a defendant called [or text][16] their cellular phone numbers, (2) using an ATDS or artificial or pre-

[16] *Satterfield v. Simon & Schuster, Inc.* (9th Cir. 2009) 569 F.3d 946, 955. ("The FCC has reasonably interpreted "call" under the TCPA to encompass both voice calls and text calls.")

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

recorded voice, (3) without their prior express consent.[17]

59. To plead these elements as required will obviously include overlap with the very statute that a Plaintiff alleges Defendants violated. [18]

60. Therefore, Plaintiff's allegations above regarding Defendants' conduct satisfy all requisite elements for a TCPA claim, thus Defendants violated 47 U.S.C. § 227(b)(1).

61. As a result of Defendants' negligent violations of TCPA, Plaintiff is entitled to an award of $500 in statutory damages, for each violation.[19]

62. As a result of Defendants' knowing and/or willful violations of TCPA, Plaintiff is entitled to an award of $1,500 in statutory damages for every one of Defendants' knowing and/or willful violations of the TCPA.[20]

63. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.[21]

## **COUNT VIII – VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (Bus. & Prof. Code § 17200, et seq.)**

64. Plaintiff incorporates and reiterates all previous allegations and statements herein.

65. California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, et seq., prohibits any "unlawful, unfair, or fraudulent business act or practice."

66. Defendant's conduct as alleged herein constitutes an unlawful business act or practice under the UCL.

67. The UCL "borrows" violations of other laws and treats them as unlawful

---

[17] See *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

[18] See *Vaccaro v. CVS Pharmacy, Inc., No. 13-CV-174 - IEG (RBB), 2013 U.S. Dist. LEXIS 99991, at *6* (S.D. Cal. July 16, 2013) ("It does not follow that factual allegations that borrow or echo statutory language are necessarily legal conclusions. Factual allegations do not cease to be factual even if they quote a statute's language.")

[19] 47 U.S.C. § 227(b)(3)(B).

[20] 47 U.S.C. § 227(b)(3)(C).

[21] 47 U.S.C. § 227(b)(3)(A).

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

practices independently actionable under Bus. & Prof. Code § 17200.

68. Defendant's conduct is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. This is particularly so because Defendant's TCPA violations do not depend on the existence of any debt, account, or debtor-creditor relationship between Defendant and the person contacted.

69. TCPA protection attaches to the telephone number itself, not to any underlying debt or contractual relationship, and a current subscriber or owner of a telephone number may revoke consent to be contacted regardless of whether any relationship with the caller exists.

70. Defendant's practice of continuing to use automated dialing technology, ringless voicemail, and/or prerecorded or artificial-voice messages to contact telephone numbers after consent has been revoked therefore threatens not only Defendant's actual debtors, but any consumer who currently holds a number previously associated with a debt, including successor subscribers with no connection to the underlying obligation.

71. This risk of harm to consumers generally, untethered from any legitimate debt-collection purpose, is substantially injurious and is not outweighed by any countervailing benefit to consumers or competition.

72. Defendant's conduct also offends the established public policy embodied in the FDCPA, Rosenthal, and TCPA, statutes enacted specifically to prevent this type of abusive debt collection and unwanted automated contact.

73. As a direct and proximate result of Defendant's unlawful and unfair business practices, Plaintiff suffered injury in fact and lost money, including attorney's fees and costs incurred in retaining counsel to investigate and address Defendant's conduct.

74. Plaintiff seeks restitution of all sums acquired by Defendant through its unlawful and unfair business practices, an order enjoining Defendant from continuing such practices, and all other relief available under Bus. & Prof.

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

Code § 17203.

**COUNT IX – INTRUSION UPON SECLUSION**

75. Plaintiff incorporates and reiterates all previous allegations and statements herein.

76. Under California law, the essential elements of an intrusion upon seclusion claim are as follows: (1) the defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or concerns of the plaintiff; (2) the intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person; and (3) the intrusion caused plaintiff to sustain injury, damage, loss, or harm.[22]

77. Accordingly, communications made in violation of § 1692c(a)(2) are 'inherently' violative of consumer privacy and are 'analogous to the harm caused by intrusion upon seclusion.' Defendant's conduct, which included post-revocation communications, caused a degree of harm thereby satisfying each element of the tort.[23]

78. Defendant, by continuing to engage in communication efforts through emails and text after receiving Plaintiff's Letter, intentionally intruded upon the solitude and seclusion of Plaintiff. The Plaintiff's Letter clearly revoked any prior consent to such communications, issued a cease-and-desist directive regarding further communications, noted the representation of Plaintiff by counsel regarding the debt, and disputed the validity of the debt itself.

79. Despite these clear directives, Defendant's continued communications were in direct violation of the FDCPA, Rosenthal, and TCPA. Each statute provides mechanisms for consumers to stop unauthorized contact from debt

---

[22] *Rowland v. JPMorgan Chase Bank, N.A.*, No. C 14-00036 LB, 2014 U.S. Dist. LEXIS 32284, 2014 WL 992005 (N.D. Cal. Mar. 12, 2014)

[23] *Six v. IQ Data Int'l, Inc.,* 91 F.4th 1002, 1012 (9th Cir. 2025) ("receipt of the letter in alleged violation of § 1692c(a)(2) inherently violated Six's privacy")

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

collectors and outline penalties for non-compliance, thereby underlining the substantial nature of the intrusion.

80. The persistence of Defendant's communications after such revocations and notices, especially using automated technologies that exacerbated the frequency and impersonality of the contacts, constitutes an intrusion that would be highly offensive to any reasonable person. This is particularly egregious given the clear legal requests for cessation of contact, thus evidencing a blatant disregard for both statutory protections and Plaintiff's expressed desires and legal rights.

81. As a direct result of these substantial and offensive intrusions, Plaintiff suffered significant emotional distress including stress, anxiety, and confusion, alongside the financial burden of seeking legal advice to address and halt Defendant's improper actions.

82. Therefore, Plaintiff respectfully requests that this Court find Defendant liable for intrusion upon seclusion, taking into account the explicit statutory violations of the FDCPA, Rosenthal, and TCPA, and award compensatory damages for the emotional and financial harm suffered, plus any further relief deemed appropriate by the Court.

## JURY DEMAND

83. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

84. Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the California Rosenthal Fair Debt Collection Practices Act, pursuant to Cal. Civ. Code § 1788.30(b);

d. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

e. Judgment against Defendants for $500 in statutory damages for each and every one of Defendants' negligent violations of 47 U.S.C. § 227(b)(1);

f. Judgment against Defendants for $1,500.00 in statutory damages for each and every one of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C);

g. Restitution, in an amount according to proof at trial, against Defendant pursuant to Bus. & Prof. Code § 17203;

h. Injunctive relief prohibiting Defendant from such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A) and Bus. & Prof. Code § 17203; and

i. Any other legal and/or equitable relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,
THE LAW OFFICE OF
ANTHONY PAUL DIEHL

Dated: 10/20/2026.

By: /s/ Anthony P. Diehl
Anthony Diehl, Esq.